UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

```
_____
                               )
MICHAEL J. MAJOR,              )   No. C05-1038Z
                               )
              Plaintiff,       )
        v.                     )   ORDER
                               )
INTERNAL REVENUE SERVICE,      )
et al.,                        )
                               )
              Defendants.      )
_____)
```

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a "Motion That Judge Thomas S. Zilly Disqualify" (Dkt. # 4) and an exhibit in support thereof (Dkt. # 6) in the above-captioned matter. Judge Zilly declined to recuse himself voluntarily. Dkt. # 7. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial.  Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact.  Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); See also In Liteky v. United States, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).  A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case:  the alleged bias must result from an extrajudicial source.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

      The only evidence of bias presented by plaintiff is the fact that Judge Zilly ruled against him in a prior litigation.  See C99-1824Z.  Although plaintiff obviously disagrees with Judge Zilly's conclusion that there was no basis for federal court jurisdiction over plaintiff's 1999 action, plaintiff has not shown that the dismissal of the earlier litigation was factually or legally erroneous.  Allowing a party to use the recusal process simply because he disagrees with the court's decision raises the substantial risk that the motion is filed for improper strategic purposes.  See Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).  Plaintiff does not identify any extrajudicial source of the alleged prejudice: the only evidence of bias presented is Judge Zilly's earlier decision.  Objections to a judge's decision are properly raised through an appeal, not a motion to recuse.  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties as the presiding judicial officer, plaintiff has not met his burden of showing an appearance of bias.

ORDER        -2-

1
2
3
4
5

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Zilly's impartiality cannot reasonably be questioned despite the fact that he ruled against plaintiff in an prior litigation. There being no evidence of bias or prejudice, defendant's request to remove Judge Zilly from this matter is DENIED.

6
7

DATED this 17th day of August, 2005.

8
9
10

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER                                           -3-