UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. MAJOR,<br><br>                    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE OF THE U.S.; DEPARTMENT OF TREASURY; GREGORY M. HAHN individually and in his capacity as IRS employee; CHARLES JOSHUA individually and in his capacity as IRS employee; JACQUELINE CHOWNING individually and in her capacity as IRS employee,<br><br>                    Defendants. | No. C05-1038Z<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss, docket no. 8. On June 7, 2005, Michael J. Major (Plaintiff) filed a complaint naming as Defendants the Internal Revenue Service (IRS) and three individual IRS employees: 1) Gregory Hahn, an IRS attorney in Seattle; 2) Charles Joshua, an IRS auditor; and 3) Jacqueline Chowning, an IRS revenue officer. Plaintiff alleges various RICO conspiracy and constitutional violation against Defendants including: 1) failure to respond to Plaintiff's requests for information; 2) harassment/retaliation; 3) destruction of documents; 4) forgery on Plaintiff's 1999 IRS Form 1040; and 5) submission of the forged 1999 return to the Tax Court. Plaintiff seeks injunctive relief and monetary relief for "compensatory and other damages" in the amount of at least $1.7 million for intentional infliction of emotional distress.

ORDER -1-


The IRS selected Plaintiff's 1999 income tax return for audit in July 2001. Defendant Joshua was assigned to verify the number of Plaintiff's dependent exemptions and items contained within Schedule C of the return. Through written correspondence, Defendant Joshua requested substantiation for various items. It is undisputed that Plaintiff did not provide substantiation, but Plaintiff alleges that he wrote a letter stating that the applicable documents were lost and that he would reconstruct them.

In October 2001, Plaintiff sent Defendant Joshua an offer-in-compromise (OIC). Initially, Defendant Chowning was assigned to review the OIC, and she determined that the offer might be acceptable if it was restricted to his liabilities for tax years 1995 and 1997. However, Plaintiff alleges that the OIC was to include tax year 1999, and insisted that Defendant Chowning include his 1999 liabilities. Defendant Chowning consulted with Defendant Joshua regarding the ongoing 1999 audit, and Defendant Chowning also requested that Plaintiff substantiate his business expenses. After researching Plaintiff's audit and not receiving any substantiation, Defendant Chowning determined that compromise was unwarranted and rejected the OIC because Plaintiff could possibly fully pay the debt.

Defendant Joshua's audit resulted in the IRS issuing a notice of deficiency to Plaintiff for tax year 1999 because Plaintiff was not entitled to certain dependency deductions on his Form 1040. Plaintiff's 2000 return was also audited and resulted in a notice of deficiency. Through Plaintiff's petition, both cases were combined and are currently pending in the United States Tax Court. See Docket Report, Michael Joseph Major v. Commissioner, Docket Nos. 16592-02 & 6343-03 (T.C. filed Oct. 23, 2002 and Apr. 29, 2003). Defendant Hahn is counsel for the IRS in that litigation. Notably, the Tax Court denied Plaintiff's motion for summary judgment holding that Plaintiff's allegation of misconduct by Defendants Hahn, Joshua, and Chowning were without merit.

Defendants grounds for their instant motion to dismiss are: 1) improper service of process; 2) lack of subject matter jurisdiction/sovereign immunity; and 3) failure to state a

claim. Plaintiff timely responded to Defendants' motion to dismiss and simultaneously filed a motion for partial summary judgment, docket no. 11, against Defendant IRS.

## I. DEFENDANTS' MOTION TO DISMISS

### A. Motion to Dismiss Individual Defendants

When considering a motion to dismiss, the Court must "treat all of the well-pleaded allegations of the complaint as true." Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977); see also Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). The Court must construe all the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

#### 1. Bivens Claim

In the present case, Plaintiff sued individual Defendants in their personal and individual capacity. Plaintiff alleges violation of his constitutional right to due process. The Court therefore construes Plaintiff's complaint as an action under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), which allows, in certain circumstances, a suit for damages to be maintained against a federal actor in his or her individual capacity for alleged violation of constitutional rights. This is similar to an action under 42 U.S.C. § 1983, except that section 1983 applies to state officials, whereas Bivens applies to federal officials. Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990). Incidentally, Plaintiff's statement in his response that "I never evoked Bivens,..." does not change the true character of his suit.

The Plaintiff alleges that his constitutional rights were violated by the individual Defendants' actions when: 1) auditing his 1999 Form 1040; 2) processing his OIC; and 3) appearing as counsel for the IRS in Plaintiff's pending Tax Court case. However, these

alleged actions of Defendants are well within the tax-related scope of their official duties as IRS employees. See Christensen v. Ward, 916 F.2d 1462, 1476 (10th Cir. 1990)("Decisions to initiate, prosecute or continue proceedings such as audits and assessments are the official duties of IRS agents"). As such, a Bivens action is inapplicable in this case because Congress has created specific remedies under a comprehensive scheme[1] where alternatives to suits for damages against federal actors are available to resolve tax-related disputes. See Adams v. Johnson, 355 F.3d 1179, 1185 (9th Cir. 2004) (holding that no Bivens remedy is available for alleged constitutional violations in the assessment and collection of taxes).

Congress has provided a statutory damages remedy for the reckless or intentional disregard of Internal Revenue Code provisions by IRS employees when collecting taxes. See 26 U.S.C. § 7433.[2] Furthermore, Congress unequivocally stated that § 7433 is "the exclusive remedy for recovering damages resulting from such actions." 26 U.S.C. § 7433(a). This provision does not mention constitutional violations; however several other circuits have concluded that § 7433 precludes Bivens actions against IRS agents for due process violations. Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1454 (8th Cir. 1994); McMillen v. United States Dep't of Treasury, 960 F.2d 187, 190 (1st Cir. 1991); Cameron v. Internal Revenue Service, 773 F.2d 126 at 129 (7th Cir. 1985); National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1248 (10th Cir. 1989). Moreover, the Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes." Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir. 1990). As such,

---

[1] Specific alternative provisions are in place to resolve tax-related disputes. For example, 26 U.S.C. § 7433 provides a cause of action for damages sustained as a result of unauthorized action to collect federal taxes; and 26 U.S.C. § 7432 provides a cause of action against the United States for actual economic damages if an IRS officer knowingly or negligently fails to release a lien under 26 U.S.C. § 6325.

[2] 26 U.S.C. § 7433(a) permits a suit for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Services recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title."

ORDER -4-

1  Plaintiff's attempt to sue individual Defendants, who were clearly acting within their official
2  capacity, is precluded by the alternate remedies that deal with tax-related disputes,
3  specifically 26 U.S.C. § 7433(a).
4  　　　Plaintiff does not have an actionable <u>Bivens</u> claim for violation of due process.
5  Moreover, Plaintiff has chosen not to invoke his proper remedies and cannot prove any set of
6  facts which would entitle him to relief in this matter.  Accordingly, pursuant to Fed. R. Civ.
7  P. 12(b)(6), the Court concludes that Plaintiff fails to state a claim against the individual
8  Defendants.
9  　　　**2. Qualified Immunity**
10 　　　Even if Plaintiff was capable of sufficiently pleading a <u>Bivens</u> claim, Defendants
11 Joshua and Chowning are entitled to qualified immunity.  Qualified immunity protects all
12 federal officers when performing discretionary functions, unless the particular defendant
13 violation "clearly established statutory or constitutional rights at the time the challenged
14 action occurred of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>,
15 457 U.S. 800, 818 (1982).  Qualified immunity is not merely a defense to liability; it is also
16 an immunity from suit.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  Plaintiff bears the
17 burden of showing a violation of a "clearly established" constitutional right.  <u>Id.</u> at 525
18 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a
19 defendant pleading qualified immunity is entitled to dismissal before the commencement of
20 the discovery").  Plaintiff argues that there was a violation of his constitutional rights
21 because Defendants are allegedly depriving him of "life, liberty, or property, without due
22 process of law" under both the V and XIV Amendments.  He further alleges that Amendment
23 XIII is being violated because he is effectively being forced into slavery by the IRS.  There is
24 no factual basis for Plaintiff's assertion; he has not been forced to provide any money or
25 property to the IRS as of this date.  Moreover, the Ninth Circuit has never recognized a
26 constitutional violation arising from the collection of taxes, and there is no credible evidence

ORDER  -5-

brought forth by Plaintiff to challenge that proposition.  See Wages, 915 F.2d at 1235.  Therefore, Defendants Chowning and Joshua are entitled to qualified immunity.

### 3. Absolute Immunity

Again, even if Plaintiff could sufficiently plead a Bivens claim, similar to Defendants Joshua and Chowning, Defendant Hahn is protected by immunity.  Defendant Hahn is entitled to absolute immunity for his actions in preparing and defending the Commissioner's position in Tax Court.  See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991).  The touchstone for finding this immunity is whether the attorney's actions are intimately or closely associated with the judicial process.  See Burns v. Reed, 500 U.S. 478, 485 (1991)("the filing of the allegedly false affidavit, and the inclusion of allegedly false statements in the complaint and other pleadings are all actions which clearly fall within this area of absolute immunity").

The submission of the allegedly forged tax return by Defendant Hahn falls within the scope of this immunity.  Additionally, "the proper forum for challenge to these allegedly improper actions is in the adversary proceedings where they take place, or if warranted, in professional disciplinary proceedings, not in a separate suit for damages.  Fry, 939 F.2d at 838.  The Tax Court has already ruled on this issue and found no misconduct on the part of Defendant Hahn.  Hence, the only proper forum for a challenge to these alleged actions would be in a professional disciplinary proceeding.  Therefore, even if the facts were sufficient to support a Bivens claim, Defendant Hahn is protected by absolute immunity.

Defendants' motion to dismiss individual Defendants is GRANTED.

## B. Motion to Dismiss Defendant United States

The only possible proper Defendant in this action is the United States because the IRS employees were acting in their official capacity.  See Dungan v. Rank, 372 U.S. 609, 622-23 (1962); Atkinson v. O'Neil, 867 F.2d 589, 590 (10th Cir. 1989)("[w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by

defendants in their official capacity as agents of the United States, the action is in fact one against the United States"). Nonetheless, Plaintiff has failed to state a claim against the United States.

**1. Exclusive Remedy of § 7433**

**a. Failure to Exhaust Remedies**

26 U.S.C. § 7433 is the exclusive statute under which Plaintiff could bring an action against the United States, but Plaintiff has failed to sufficiently plead facts that withstand Defendants' motion to dismiss. Plaintiff has failed to show that he has exhausted the administrative remedies required by 26 U.S.C. § 7433(d). While he argues in his response that he did exhaust his administrative remedies as evinced by his numerous correspondence with various IRS officials, a large volume of correspondence does not equate to exhaustion of remedies. There is no evidence that he filed any administrative claim(s) under Treasury Regulation § 301.7433-1(e).

**b. Reckless or Intentional Disregard**

Furthermore, Plaintiff has failed to allege that an IRS employee "recklessly or intentionally disregard[ed] any provision" of the Internal Revenue Code (IRC) or Treasury Regulation. Plaintiff does state in his reply that he did allege that the IRS employees were recklessly and intentionally disregarding all provisions of the IRC by virtue of the fact that they were "using the color of legitimate procedures for purposes exactly the opposite for which they were designed." However, Plaintiff has only pled violations of RICO and constitutional rights relating to his audit and OIC, which do not fall within the scope of the IRC or Treasury Regulations. Wages, 915 F.2d at 1235 (holding that the Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes"). Plaintiff has not alleged with any specificity an IRC or Treasury Regulation that Defendant has violated. Therefore, under Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim

ORDER  -7-

against the United States upon which relief can be granted.[3]

Defendants' motion to dismiss Defendant United States is GRANTED.

## C. RICO Claim

Plaintiff broadly alleges that the Court "has legal jurisdiction under the . . . Racketeer Influenced and Corrupt Organizations Act (RICO) . . . ." In response to Defendants' motion to dismiss, Plaintiff specifically alleges that Defendants should be punished under 18 U.S.C. § 1962 for "conducting or participating in the affairs of the enterprises through a pattern of racketeering activity or collection of an unlawful debt."

Nonetheless, Plaintiff has failed to properly allege a RICO claim, which requires that 1) a person has engaged in 2) a pattern of racketeering activity 3) connected to the acquisition, establishment, conduct, or control of an enterprise in order to state a claim under § 1964(c). See Delta Truck & Tractor, Inv. v. J. 1. Case Co., 855 F.2d 241, 242, (5th Cir. 1988), cert. denied, 489 U.S. 1079 (1989). In particular, Plaintiff has failed to identify the "enterprise." The enterprise cannot also be the RICO defendant; therefore, the individual defendants cannot constitute the enterprise. See Switzer v. Coan, 261 F.3d 985 (10th Cir. 2001); Rae v. Union Bank, 725 F.2d 478, 480 (9th Cir. 1984).

Moreover, an enterprise requires some sort of structure, not simply a group of people who get together and commit to a pattern of racketeering activity. See Jennings v. Emry, 910 F.2d 1443,1440-41. Hence, any alleged conspiracy among the individual Defendants lacks the requisite structure to be considered an enterprise. Consequently, Plaintiff's failure to show the essential element of existence of an enterprise is fatal to his claim.

---

[3] Additionally, the Federal Tort Claims Act cannot serve as a basis for jurisdiction in a suit against the United States inasmuch as the taxpayer has neither shown nor alleged that he has filed the proper administrative claim with the IRS as required by 28 U.S.C. § 2675(a). See Caton v. United States, 495 F.2d 635 (9th Cir. 1974). Moreover, the provisions of the Federal Tort Claims Act specifically exclude claims based upon the performance of a discretionary function by a government officer and claims arising with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c). Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). Because Plaintiff's claim falls within this exception to the FTCA, this suit is barred by sovereign immunity. See Capozzoli v. Tracey, 663 F.2d 654 (5th Cir. 1981).

ORDER   -8-

Defendants' motion to dismiss Plaintiff's RICO claim is GRANTED.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion for partial summary judgment, docket no. 11, is STRICKEN as MOOT.

IT IS SO ORDERED.

DATED this 17th day of October, 2005.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER   -9-